IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                            Criminal Case No. 3:24cr59

LAVORIS COLEMAN,

Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Lavoris Coleman's Motion to Dismiss the Indictment under *Bruen* and *Rahimi* (the "*Rahimi* Motion to Dismiss" or "*Rahimi* Motion"). (ECF No. 21.)[1] In the Motion, Mr. Coleman contends that his indictment under 18 U.S.C. § 922(g)(1)[2] is unconstitutional as applied to him because "the Second Amendment forbids his prosecution . . . for possession of a firearm." (ECF No. 21, at 21.) For the reasons articulated below, the Court will deny the *Rahimi* Motion. (ECF No. 21).

---

[1] The Court employs pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
    \*   \*   \*
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual and Procedural Background

### A. Factual Background

On November 24, 2023, "police responded to a 911 call alleging an attempted breaking and entering involving a firearm[.]" (ECF No. 21, at 3.) When police arrived, "[t]hey chased and tackled and handcuffed [Mr. Coleman]" and shortly thereafter, recovered a firearm in a trash can that police had observed Mr. Coleman touching prior to his arrest. (ECF No. 21, at 3.) Previously, Mr. Coleman had been convicted of a crime punishable by imprisonment for a term exceeding one year and was prohibited by law from possessing a firearm. (ECF No. 1, at 1; *see also* ECF No. 21, at 3.)

### B. Procedural Background

On April 2, 2024, a grand jury returned a one-count indictment against Mr. Coleman for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.) On April 24, 2024, Mr. Coleman appeared before this Court and pled not guilty, (ECF No. 10, at 1), and is awaiting trial in this matter. On July 15, 2024, Mr. Coleman filed the Motion to Dismiss. (ECF No. 22.) The United States filed a response in opposition, (ECF No. 31), and Mr. Coleman filed a reply, (ECF No. 41).

## II. Standard of Review

### A. Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12[3] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Coleman raises an as-applied challenge to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 21, at 2.) "Fed. R. Crim. P. 12(b)(3)(B)[4] permits a court to dismiss a defective indictment. An indictment is defective if it

---

[3] Rule 12(b)(1) states:

> (b) PRETRIAL MOTIONS.
>
> > (1) *In General.* A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

Fed. R. Crim. P. 12(b)(1).

[4] Rule 12(b)(3)(B) states:

> (b) PRETRIAL MOTIONS.
>
> > \* \* \* \*
> >
> > (3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
> >
> > > \* \* \* \*
> > >
> > > (B) a defect in the indictment or information, including;
> > >
> > > > \* \* \* \*
> > > >
> > > > (v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B).

alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.Supp.2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Hill*, 703 F.Supp.3d 729, 732 (E.D. Va. 2023).

### B. As-Applied Challenges

"An as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *Hill*, 703 F.Supp.3d at 733 (quoting *United States v. Mgmt. Consulting, Inc.*, 636 F.Supp.3d 610, 619 (E.D. Va. 2022)). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III. Analysis

Mr. Coleman contends that his indictment should be dismissed because the statute under which he is indicted, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him for two reasons: (1) "Mr. Coleman is one of 'the People' to whom the Second Amendment applies"; and (2) there is no "history and tradition of disarming people similar to Lavoris Coleman" (ECF No. 21, at 8, 14.) He suggests that *United States v. Rahimi*, 602 U.S. 680 (2024), establishes that the Second Amendment's plain text applies to him as one of the people entitled to keep and bear arms. (ECF No. 21, at 2, 13–14.)

This Court already has carefully considered and rejected many of the arguments Mr. Coleman raises in his *Rahimi* Motion to Dismiss. *See United States v. Holbert*, ---F.Supp.3d---, 2025 WL 242537 (E.D. Va. Jan. 19, 2025) (holding that under an analytical framework permissible even after *Rahimi*, existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to all felons remains binding) (citing *United States v.*

4

*Canada*, 123 F.4th 159 (4th Cir. 2024) ("*Canada II*") and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)).

The Fourth Circuit has precluded the as-applied argument Mr. Coleman brings. When considering its earlier decision in *United States v. Canada* on remand, the Fourth Circuit declared 18 U.S.C. § 922(g) facially constitutional. *Canada II*, 123 F.4th at 161; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, at *3. Shortly afterward, the Fourth Circuit declared Section 922(g)(1) constitutional as applied "without regard to the specific conviction that establish[es a felon's] inability to lawfully possess firearms." *Hunt*, 123 F.4th at 700; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *3. Not only did the Fourth Circuit reject the need for a "felony-by-felony" analysis, but it also deemed Section 922(g)(1) constitutional as applied under the Supreme Court's *Bruen* analysis. *Hunt*, 123 F.4th at 700–08 (holding that "neither *Bruen* nor *Rahimi* meets this Court's stringent test for abrogating otherwise-controlling circuit precedent and that our precedent on as-applied challenges thus remains binding" and that § 922(g)(1) would survive Second Amendment scrutiny even under a *Bruen* analysis); *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *5–7 (both citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in *United States v. Holbert*, including its *Bruen* commentary. *See Holbert*, 2025 WL 242537.

## IV. Conclusion

For the foregoing reason, the Court will DENY Mr. Coleman's Motion to Dismiss the Indictment under *Bruen* and *Rahimi*. (ECF No. 21.)

An appropriate Order shall issue.

Date: 2/13/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge