IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Case No. 3:24cr59

**LAVORIS COLEMAN,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Lavoris Coleman's Motion to Dismiss Under the Speedy Trial Act ("Speedy Trial Act Motion to Dismiss" or "Speedy Trial Act Motion"). (ECF No. 61.) In the Speedy Trial Act Motion, Mr. Coleman contends that his indictment under 18 U.S.C. § 922(g)(1)[1] violated the Speedy Trial Act and should be dismissed. (ECF No. 61, at 1.) The United States filed a brief in opposition, (ECF No. 63), and Mr. Coleman replied, (ECF No. 65). The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. For the reasons articulated below, the Court will deny the Speedy Trial Act Motion. (ECF No. 61.)

---

[1] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> \* \* \*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual and Procedural Background

### A.   Factual Background

When considering a motion to dismiss an indictment, "the indictment allegations are presumed to be true", *United States v. Treacy*, 677 F. App'x 869, 873 (4th Cir. 2017), so the Court recounts the following facts from the indictment.

On or about November 24, 2023, Mr. Coleman, "knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearm ammunition . . . in and affecting interstate commerce." (ECF No. 1, at 1.)

### B.   Procedural Background

On April 2, 2024, a federal grand jury returned a one-count indictment against Mr. Coleman for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.)  On April 24, 2024, Mr. Coleman appeared before this Court and pled not guilty, (ECF No. 10, at 1), and is awaiting trial in this matter.  On September 18, 2024, Mr. Coleman filed the Speedy Trial Act Motion to Dismiss. (ECF No. 61.)  The United States filed a response in opposition, (ECF No. 63), and Mr. Coleman filed a reply, (ECF No. 65).  For the reasons articulated below, the Court will deny the Speedy Trial Act Motion.  (ECF No. 61.)

## II. Standard of Review

### A. Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12[2] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Coleman challenges his indictment, arguing that it should be dismissed "because the indictment was returned . . . well beyond the 30-day deadline" imposed by the Speedy Trial Act. (ECF No. 61, at 4.) Fed. R. Crim. P. 12(b)(3)(A)(ii)[3] permits a court to dismiss an indictment if there is "a defect in instituting the prosecution, including . . . preindictment delay[.]" Fed. R. Crim. P. 12(b)(3)(A)(ii).

---

[2] Rule 12(b)(1) provides:

> (b) PRETRIAL MOTIONS.
>
> > (1) *In General.* A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. Rule 47 applies to a pretrial motion.

Fed. R. Crim. P. 12(b)(1).

[3] Rule 12(b)(3)(A) provides, in pertinent part:

> (3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
>
> > (A) . . . a defect in instituting the prosecution, including:
>
> > \* \* \*
> > > (ii) a preindictment delay[.]

Fed. R. Crim. P. 12(b)(3)(A).

3

"[I]n deciding a pretrial motion to dismiss the indictment, 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'" *United States v. Horma*, No. 3:18CR18 (MHL), 2018 WL 4214136, at *5 (E.D. Va. Sept. 4, 2018) (quoting *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)). Rather, when considering a motion to dismiss an indictment, "the indictment allegations are presumed to be true." *Treacy*, 677 F. App'x at 873 (citing *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014)). A defendant must therefore "demonstrate that the allegations [in the indictment], even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (citing *United States v. Hooker*, 841 F.2d 1225, 1227–28 (4th Cir. 1988) (en banc)).

### III. Analysis

In the Speedy Trial Act Motion, Mr. Coleman argues that his indictment should be dismissed because the United States violated the Speedy Trial Act by filing Mr. Coleman's indictment outside of the time constraints set by the Act. (ECF No. 61, at 1.) He argues that a December 6, 2023 email written by a Richmond police lieutenant saying the United States had accepted Mr. Coleman's case for prosecution on December 5, 2023 under Project Exile triggered the Speedy Trial Act's thirty-day time limit. (ECF No. 61, at 2–3.) The Court finds otherwise.

A. **Legal Standard: Speedy Trial Act**

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense . . . be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If no indictment is filed within this time limit, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). "The Speedy Trial Act is intended to mandate an orderly and expeditious

4

procedure for federal criminal prosecutions by fixing specific, mechanical time limits within which the various progressions in the prosecution must occur." *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982). "[T]he Speedy Trial Act has as its starting point the arrest of the defendant." *Id.* "Since the Act applies only to federal prosecutions it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." *Id.*

B.  **Mr. Coleman's Indictment Did Not Violate the Speedy Trial Act**

The parties do not dispute the timing of pretrial events related to Mr. Coleman's prosecution. Mr. Coleman was arrested on state law charges by the Richmond Police Department on November 24, 2023. (ECF No. 61, at 2; ECF No. 63, at 2.) It was not until April 2, 2024, that a federal grand jury issued the indictment in this case. (ECF No. 1, at 1.) The United States contends, and Mr. Coleman does not dispute, that "[o]n April 18, 2024, the Richmond City Circuit Court entered a *nolle prosequi* and dismissed [Mr.] Coleman's [one remaining] state charge." (ECF No. 63, at 2.) Mr. Coleman's federal arrest warrant was executed on April 19, 2024. (ECF No. 5, at 1.)

The United States Court of Appeals for the Fourth Circuit has made clear that "it is only a federal arrest . . . which will trigger the commencement of the time limits set in the [Speedy Trial] Act." *Iaquinta*, 674 F.2d at 264; *see also United States v. Williamson*, 85 Fed. App'x 943, 944 (4th Cir. 2004) (stating that the Speedy Trial Act's "thirty-day time period does not begin to run until there is a federal arrest"). Mr. Coleman rests his position on an email from Richmond Police Lieutenant James B. Killingsworth which indicates that on December 5, 2023, Mr. Coleman's case "[was] accepted . . . for [federal] prosecution by US Attorney's Office through Project Exile." (ECF No. 59-2, at 1.) Mr. Coleman argues that, on December 5, Mr. Coleman

5

was "restrained solely to answer [to] federal charges," and thus the Speedy Trial Act time period was triggered. (ECF No. 61, at 3 (internal quotation marks omitted).)

In support of his argument, Mr. Coleman cites *United States v. Woolfolk*, a case in which a defendant remained in state custody "even though no proceedings remained against him in the state system." 399 F.3d 590, 593 (4th Cir. 2005). Because of an unidentified error, Woolfolk was held in state custody ninety days beyond the dismissal of his state charges without any federal charge filed. *Id.* at 593–94. The federal government executed an existing arrest warrant only after it learned that Woolfolk was improperly held in state custody. *Id.* There, the Fourth Circuit held that "a restraint resulting from federal action, sufficient to trigger the time limits of the Speedy Trial Act, occurs when the Government has knowledge that an individual is held by state authorities solely to answer to federal charges." *Id.* at 596 (internal quotation marks omitted). The *Woolfolk* court specifically stated as follows: "The relevant question thus becomes whether an individual being held by state authorities is ever under '*federal* arrest' or in '*federal* custody.' The answer, at least while a state has valid charges currently pending against an individual, is 'no.'" *Id.* at 595–96 (emphasis added).

Unlike in *Woolfolk*, Mr. Coleman was never in state custody without valid state charges pending. From the time of his initial arrest on state law charges on November 24, 2023, until those charges were *nolle prossed* on April 18, 2024, Mr. Coleman was unambiguously *not* in federal custody. It was only the execution of Mr. Coleman's federal arrest warrant on April 19, 2024 that triggered the time limits of the Speedy Trial Act. (ECF No. 5, at 1.) Mr. Coleman was federally indicted on April 2, 2024, and his federal arrest warrant was executed on April 19, 2024. (ECF No. 1, at 1; ECF No. 5, at 1.) That did not violate the Speedy Trial Act.

Mr. Coleman further argues that a consistent pattern of federal charges of felon-in-possession cases following state arrests demonstrates cooperation between state and federal officials to a degree that the state arrest should, early on, trigger a defendant's speedy trial rights under the Speedy Trial Act. (*See* ECF No. 62.) He argues that, because so many state charges are dismissed after months of custody in state facilities and then are quickly followed by federal 18 U.S.C. § 922(g) charges, the state charges amount to the improper detention of a defendant while the federal government prepares its case. That is true, he suggests, because both sovereigns know that the case will become federal while the state charges pend and the state holds the defendant in custody.

But even presuming Mr. Coleman establishes the pattern he suggests he does, his arguments do not persuade. Mr. Coleman's effort here, for instance, to morph a Richmond police lieutenant's email into something that obligates the federal government to initiate a charge under the Speedy Trial Act misses the mark. The Speedy Trial Act applies when an appearance has occurred "before a judicial officer of the court *in which such charge is pending.*" 18 U.S.C. § 3161(c) (emphasis added). The plain language of the statute provides that Mr. Coleman's speedy trial rights in federal court began with his first appearance on April 24, 2024[4] in *federal court*. (*See* ECF No. 10.) So long as a valid state prosecution exists, the state may pursue its case to trial, and the federal government may choose to desist. Indeed, although public policy properly directs otherwise, the state and federal governments, as separate sovereigns, *could*

---

[4] Mr. Coleman's motions to dismiss stop the Speedy Trial Act clock. 18 U.S.C. § 3161(h) ("The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]").

7

pursue the same case simultaneously without violating constitutional double jeopardy provisions. As such, the Court must deny Mr. Coleman's Speedy Trial Act Motion. (ECF No. 61.)

### IV. Conclusion

For the foregoing reasons, the Court will DENY Mr. Coleman's Speedy Trial Act Motion to Dismiss. (ECF No. 61.)

An appropriate Order shall issue.

Date: 2/24/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge