IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

     v.                                        Criminal Case No. 3:24cr59

LAVORIS COLEMAN,

         Defendant.

## **MEMORANDUM OPINION**

This matter comes before the Court on Defendant Lavoris Coleman's Second Motion to Dismiss Under the Speedy Trial Act (the "Second STA Motion" or the "Motion").[1] (ECF No. 76.) In the Motion, Mr. Coleman contends that his Indictment under 18 U.S.C. § 922(g)(1)[2] should be dismissed because the time under the Speedy Trial Act by which Mr. Coleman's trial must commence has elapsed. (ECF No. 76, at 1.) The United States filed a brief in opposition, (ECF No. 78), and Mr. Coleman replied, (ECF No. 79.) On June 20, 2025, this Court held a hearing. Accordingly, this matter is ripe for disposition. For the reasons articulated below, the Court will grant the Motion. (ECF No. 76.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>     *      *      *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual and Procedural Background

### A.    Factual Background

The Court incorporates its findings of fact as set forth in its June 4, 2025 Memorandum Opinion addressing Mr. Coleman's Motion to Dismiss the Indictment Due to Spoliation. (ECF No. 74, at 2–10.)

### B.    Procedural Background

On April 2, 2024,[3] a federal grand jury returned a one-count Indictment against Mr. Coleman for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.)  On April 19, 2024, Mr. Coleman had his initial appearance before Magistrate Judge Summer L. Speight. (ECF No. 6.)  At that hearing, the United States made an oral motion for detention. (ECF No. 6; *see also* ECF No. 76, at 3–4.)  On April 24, 2024, Magistrate Judge Mark R. Colombell granted the United States' oral motion for detention at Mr. Coleman's detention hearing. (ECF Nos. 13, 15.)

Also on April 24, 2024, Mr. Coleman was arraigned before this Court. (ECF No. 10.) The Court granted Mr. Coleman's Motion for Continuance of Trial Beyond the Speedy Trial Act Cut-Off Date, finding that "[t]he ends of justice will be served by granting the requested continuance." (ECF No. 16, at 1.)  The Court entered a Scheduling Order scheduling a final pretrial conference for July 18, 2024, and setting the matter for trial to begin on August 13, 2024. (ECF No. 11.)  The Scheduling Order required that "the parties [] file all motions within fourteen (14) days of the date of [the] Order", which was entered on April 25, 2024. (ECF No. 11, at 1.) Therefore, the deadline for dispositive motions was May 9, 2024. (ECF No. 11, at 1.)

---

[3] Between November 24, 2023 and April 2, 2024, Mr. Coleman was held in state custody on related charges. (*See* ECF No. 61, at 2.)  When the Indictment was returned, the state charges were dismissed. (*See* ECF No. 61, at 2.)

On July 15, 2024—67 days after the deadline for dispositive motions and 3 days before the scheduled Final Pretrial Conference—counsel for Mr. Coleman filed a Motion to Dismiss the Indictment Under *Bruen* and *Rahimi*, two United States Supreme Court cases addressing developing law on the Second Amendment. ("*Rahimi* Motion to Dismiss").[4]  (ECF No. 21.)  He did so without seeking leave from the Court to file the motion late.  On July 17, 2024—69 days after the deadline for dispositive motions and 1 day before the scheduled Final Pretrial Conference—counsel for Mr. Coleman filed a Motion to Dismiss Due to Destruction of Evidence (the "Spoliation Motion to Dismiss").  (ECF No. 22.)  For a second time, defense counsel did so without seeking leave from the Court to file the motion late.

The Scheduling Order also required the parties to file any motions *in limine* "not later than fourteen (14) days before the Final Pretrial Conference", which was set for July 18, 2024.  (ECF No. 11, at 1.)  It further stated that "[a]ny responses shall be filed not later than five (5) calendar days after the filing of the motions *in limine*."  (ECF No. 11, at 1.)  On July 5, 2024, the United States timely filed a Motion *in Limine* to Introduce Evidence and Details of Defendant's Prior Felony Convictions ("Motion *in Limine*").  (ECF No. 17, at 1.)  Pursuant to this Court's Scheduling Order, any response by Mr. Coleman was due on July 10, 2024.  (ECF No. 11, at 1.)

On July 18, 2024, in lieu of the scheduled Final Pretrial Conference, the Court held a hearing.  (ECF No. 23.)  At the hearing Conference, the Court addressed the issue of late filings by defense counsel.  (ECF No. 23, at 1.)  The Court directed defense counsel to file a motion for leave to file the motions to dismiss past the due date.  (ECF No. 23, at 1.)  On July 22, 2024,

---

[4] *N. Y. State Rifle and Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022); *United States v. Rahimi*, 602 U.S. 680 (2024).  *Bruen* had been decided in 2022, but the *Rahimi* decision came down on June 21, 2024.  Unlike other practitioners, counsel for Mr. Coleman had not sought a stay in motions briefing pending the Supreme Court's decision in *Rahimi*.

defense counsel filed a Motion to Accept Late Filing/Extend Deadlines ("Motion to Accept Late Filing"). (ECF No. 24.) Counsel cited the recent *Rahimi* decision, the need to review spoliation evidence closely, and other non-case-specific reasons. (ECF No. 24, at 1–3.)

On July 30, 2024, the Court granted defense counsel's Motion to Accept Late Filing. (ECF No. 26, at 2.) The Court ordered that the United States file any responses to the *Rahimi* Motion to Dismiss and the Spoliation Motion to Dismiss by August 2, 2024, and that Mr. Coleman file any replies by August 6, 2024. (ECF No. 26, at 2.) The Court scheduled a hearing on the Spoliation Motion to occur on August 20, 2024. (ECF No. 26, at 2.) The Court further generally continued "the Final Pretrial Conference, Jury Selection, and Jury Trial pending resolution of the Motions to Dismiss, (ECF Nos. 21, 22)." (ECF No. 26, at 2.)

On August 15, 2024, Mr. Coleman filed his Response to the United States' Motion *in Limine*—36 days beyond the time to file a response to the July 5, 2024 motion under the original Scheduling Order. (ECF No. 46.) For a third time, despite the Court's admonition during the Pretrial Conference, defense counsel did so without seeking leave from the Court to file the motion late.

On August 2, 2024, the United States timely filed responses to both the Spoliation Motion to Dismiss and the *Rahimi* Motion to Dismiss. (ECF Nos. 30, 31.) On August 6, 2024— the date any replies were due—defense counsel filed a Motion for Extension of Time to File Replies to the Government's Responses to Defendant's Motions to Dismiss at ECF Nos. 21 and 22 (the "Motion for Extension"). (ECF No. 32.) In the Motion for Extension, for non-case-specific reasons, defense counsel requested three additional days to file his replies. (ECF No. 32, at 1.) The Court granted defense counsel's timely-filed Motion for Extension. (ECF No. 33.)

4

On August 9, 2024, counsel for Mr. Coleman timely filed a reply to the United States' response to his Spoliation Motion to Dismiss. (ECF No. 36.) Three days later, after the deadline to file a reply to the United States' response to Mr. Coleman's *Rahimi* Motion to Dismiss had elapsed, counsel for Mr. Coleman filed a Second Motion for Extension. (ECF No. 39.) For a fourth time, defense counsel missed a court filing without seeking leave to file out of time. In the Second Motion for Extension, defense counsel asked the Court to further extend the deadline—already extended once—to file a reply to the United States' response to his *Rahimi* Motion to Dismiss for until that day, August 12, 2024. (ECF No. 39.) The Court granted the Second Motion for Extension. (ECF No. 42.)

On August 20, 2024, the Court held a hearing on Mr. Coleman's Spoliation Motion to Dismiss. (ECF No. 54.) At the hearing, the Court ordered rebriefing as a result of the United States' disclosure of a report of investigation including an interview with arresting Richmond Police Department Officer Richards the night before the hearing. (ECF No. 55, at 61–62.) The Court ordered Mr. Coleman's renewed brief due on September 18, 2024; the United States' response due on October 2, 2024; and Mr. Coleman's reply due on October 7, 2024. (ECF No. 54, at 1.)

On September 18, 2024, Mr. Coleman timely filed his Renewed Spoliation Motion to Dismiss. (ECF No. 60.) However, also on September 18, without seeking leave to do so, defense counsel filed a new, third, dismissal motion—a Motion to Dismiss Under the Speedy Trial Act (the "First STA Motion to Dismiss"). (ECF No. 61.) The motion was prompted in part by the delayed discovery the United States had produced on August 19, 2024. Defense counsel filed the First STA Motion to Dismiss 132 days after the original deadline for dispositive motions, which was unaffected by the Court's general continuance of "the Final Pretrial

Conference, Jury Selection, and Jury Trial pending resolution of the Motions to Dismiss, (ECF Nos. 21, 22)." (ECF No. 26, at 2.) For a fifth time, defense counsel did so without seeking the Court's leave to file the motion late.

On February 13, 2025, the Court issued a Memorandum Opinion and Order denying Mr. Coleman's *Rahimi* Motion to Dismiss. (ECF Nos. 69, 70.) The Court found that the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Hunt*, which was issued approximately six months after *Rahimi* on December 18, 2024, precluded Mr. Coleman's as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1). (ECF No. 69, at 5.)

On February 24, 2025, the Court issued a Memorandum Opinion and Order denying Mr. Coleman's First STA Motion to Dismiss.[5] (ECF Nos. 71, 72.) On June 4, 2025, the Court issued a Memorandum Opinion and Order denying Mr. Coleman's Renewed Spoliation Motion to Dismiss. (ECF Nos. 74, 75.)

On June 12, 2025, Mr. Coleman filed the Second Motion to Dismiss Under the Speedy Trial Act (the "Second STA Motion" or the "Motion"). (ECF No. 76.) The United States filed a response in opposition, (ECF No. 78), and Mr. Coleman filed a reply, (ECF No. 79). On June 20, 2025, this Court held a hearing on the Motion. For the reasons articulated below, the Court will grant the Motion. (ECF No. 76.)

## II. Standard of Review

Federal Rule of Criminal Procedure 12[6] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R.

---

[5] In the First STA Motion to Dismiss, Mr. Coleman argued that his indictment violated the Speedy Trial Act. (ECF No. 61, at 1.)

[6] Rule 12(b)(1) provides:

> (b) PRETRIAL MOTIONS.

6

Crim. P. 12(b)(1).  Mr. Coleman challenges his Indictment, arguing that it should be dismissed because the time under the Speedy Trial Act by which Mr. Coleman's trial must commence has elapsed.  (ECF No. 76, at 1.)

"[I]n deciding a pretrial motion to dismiss the indictment, 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'"  *United States v. Horma*, No. 3:18CR18 (MHL), 2018 WL 4214136, at *5 (E.D. Va. Sept. 4, 2018) (quoting *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)).  Rather, when considering a motion to dismiss an indictment, "the indictment allegations are presumed to be true."  *Treacy*, 677 F. App'x at 873 (citing *United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014)).

### III.  Analysis

#### A.    Legal Standard:  Speedy Trial Act

"The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay."  *Henderson v. United States*, 476 U.S. 321, 326 (1986).  However, the Speedy Trial Act "enumerates periods of delay that are to be excluded in calculating the 70-day period."  *Stoudenmire*, 74 F.3d at 63 (citing 18 U.S.C. § 3161(h)).  The Act states, in pertinent part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

---

> (1) *In General*.  A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.  Rule 47 applies to a pretrial motion.

Fed. R. Crim. P. 12(b)(1).

       \*     \*     \*

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

       \*     \*     \*

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h).

"In *Henderson v. United States*, 476 U.S. 321 (1986), the Supreme Court interpreted subparagraphs [(D)] and [(H)][7] of § 3161(h)(1) and recognized that the former subparagraph mandates a distinction between pretrial motions that require a hearing and those that do not." *United States v. Parker*, 30 F.3d 542, 546 (4th Cir. 1994). "Where a hearing is required, subparagraph [(D)] excludes the entire period from filing of the motion to the conclusion of the hearing on that motion[.]" *Id.* "Once the court has held the hearing and received any post-hearing submissions from the parties that it needs for proper disposition of the motion, the court takes the motion 'under advisement' and subparagraph [(H)] excludes up to 30 additional days thereafter, up to and including the date on which the court finally disposes of the motion. *Id; see also Stoudenmire*, 74 F.3d at 63 ("If the court does not dispose of the motion during the hearing, the STA permits the exclusion of an additional period-not to exceed 30 days-during which the court holds the motion under advisement and continuing through the day the order ruling on the motion is entered.").

---

[7] On October 13, 2008, Congress amended the 18 U.S.C. § 3161(h), resulting in renumbering of the subsections. Pub. L. 110-406, § 13, 122 Stat. 4294. The amendment did not alter the text of the subsections at issue.

In contrast, when a "pretrial motion requires no hearing, subparagraph [(D)] excludes the period from the filing of the motion to the time the court receives all the papers it reasonably expects." *Parker*, 30 F.3d at 546. "Once the court has received the papers, the motion 'is actually under advisement' and subparagraph [(H)] excludes up to 30 additional days thereafter, up to and including the date on which the court finally disposes of the motion." *Id.*

The Speedy Trial Act further mandates:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

### B. The Time Limit Imposed by the Speedy Trial Act by Which Mr. Coleman's Trial Must Commence Has Elapsed

The 70-day period under the Speedy Trial Act commenced on April 19, 2024, when Mr. Coleman had his initial appearance. (ECF No. 6; *see also Henderson*, 476 U.S. at 326 ("The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay.").) However, the time between April 19 and April 24, 2024 is excluded from the 70-day period because on April 19, 2024, the United States made an oral motion for detention, which was granted on April 24, 2024.[8] (ECF Nos. 6, 15.)

---

[8] Mr. Coleman concedes that this time "is excludable due to the government's pending oral motion for detention through its resolution five days later." (ECF No. 76, at 3–4.)

9

On April 24, 2024, the Court granted Mr. Coleman's Motion for Continuance of Trial Beyond the Speedy Trial Act Cut-Off Date, finding that "[t]he ends of justice will be served by granting the requested continuance." (ECF No. 16, at 1.) The Court entered a Scheduling Order setting the matter for trial to begin on August 13, 2024.[9] (ECF No. 11.)

However, the late filing of two motions to dismiss by Mr. Coleman—the 67-day late *Rahimi* Motion to Dismiss filed July 15, 2024, and the 69-day late Spoliation Motion to Dismiss filed on July 17, 2025—necessitated that the Court generally continue "the Final Pretrial Conference, Jury Selection, and Jury Trial."[10] (ECF No. 26, at 2.) On August 20, 2024, the Court held a hearing on the Spoliation Motion to Dismiss.[11] (ECF No. 54.) At the hearing, the Court ordered rebriefing, which was completed on October 7, 2024. (*See* ECF No. 66.)

In the Second STA Motion, Mr. Coleman argues that his Indictment should be dismissed because the time under the Speedy Trial Act by which Mr. Coleman's trial must commence has elapsed. (ECF No. 76, at 1.) He calculates that time after November 6, 2024—30 days after the date rebriefing on the Spoliation Motion to Dismiss was completed—"does not appear to be excludable under any provision of the Speedy Trial Act as interpreted by *Henderson* and *Parker*." (ECF No. 76, at 5.) The United States "concedes that the automatic exclusion of time under [the Speedy Trial Act] because of the [S]poliation Motion expired 30 days after October 7,

---

[9] In the Motion, Mr. Coleman "assumes that the initial continuance of trial excluded time through August 12, 2024." (ECF No. 76, at 5.)

[10] Because both motions were filed without the Court's leave over two months late in violation of the Court's Scheduling Order, the Court could have denied Mr. Coleman's Motion to Accept Late Filing. (ECF No. 24.)

[11] The Court resolved the *Rahimi* Motion to Dismiss without a hearing. (ECF Nos. 69, 70.)

10

2024, when post-hearing briefing on the [S]poliation Motion was complete and the matter was 'under advisement.'" (ECF No. 78, at 5.)

For motions that require a hearing, "[i]f the court does not dispose of the motion during the hearing, the STA permits the exclusion of an additional period-not to exceed 30 days-during which the court holds the motion under advisement and continuing through the day the order ruling on the motion is entered." *Stoudenmire*, 74 F.3d at 63. Thus, the Speedy Trial Act clock restarted on November 6, 2025. Because more than 70 days have elapsed and Mr. Coleman has not been brought to trial, the Court must dismiss the Indictment. 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant").

### C. The Court Will Dismiss the Indictment Without Prejudice

In considering whether to dismiss the Indictment with or without prejudice, the Court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Here, each factor weighs in favor of dismissal without prejudice.

First, the seriousness of the offense militates in favor of dismissal without prejudice. Contrary to Mr. Coleman's arguments, the Court concludes that the offense conduct is more serious than "the standard 922(g) prosecution." (ECF No. 76, at 6.) The alleged offense conduct involved a 911 call reporting that a person matching Mr. Coleman's description was "kicking and knocking on the door" of an ex-girlfriend while "holding a gun" and saying, "I'm going to

11

shoot this sh\*\* up if you don't open the door."[12]  (ECF No. 74, at 2.)  When Richmond Police

Officers first responded, (and after Security Officers had first identified him), they saw a man

with a "green beam protruding from his right hand.  (ECF No. 55, at 172.)  Body camera video

confirmed that when confronted by Richmond Police Department officers, Mr. Coleman ran

behind an adjacent apartment building, fired multiple shots into the air, and placed a later-

recovered weapon with a laser beam in a trashcan.  Because the alleged offense conduct involved

threats of violence and the discharge of a weapon, the seriousness of the offense weighs in favor

of dismissal without prejudice.

Second, the facts and circumstances of the case which led to the dismissal weigh in favor

of dismissal without prejudice.  In considering this factor, the Court observes that defense

counsel filed three previous motions to dismiss,[13] none of which were timely.  (ECF Nos. 21, 22,

61.)  The Court ill-advisedly chose to hear the untimely motions in fairness to Defendant rather

than dismissing the motions on procedural grounds.  And although defense counsel contends that

"[a]t the latest, even with all the previous time excluded, the Speedy Trial Date was January 16[,]

2025 (70 days after November 7, 2024)", he inexplicably waited to file the instant Motion until

---

[12] As noted, the Court incorporates its factual findings as set forth in its June 4, 2025 Memorandum Opinion addressing Mr. Coleman's Motion to Dismiss the Indictment Due to Spoliation.  (ECF No. 74, at 2–10.)  This includes that the 911 complainant later changed her testimony.

[13] One of the motions, the *Rahimi* Motion to Dismiss, involved the changing legal landscape of the Second Amendment.  (ECF No. 21.)  As noted above, the Fourth Circuit issued its decision in *United States v. Hunt* on December 18, 2024, which had direct bearing on Mr. Coleman's as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1).  (*See* ECF No. 69, at 5.)

June 12, 2025. (ECF No. 79, at 1.)[14]  The Court concludes that this factor weighs in favor of dismissal without prejudice.

Third, the impact of a reprosecution on the administration of this chapter and on the administration of justice mitigates in favor of dismissal without prejudice.  Under this factor, "a court considers the need to deter future violations of the [Speedy Trial] Act, as well as the presence or absence of prejudice to the defendant." *United States v. Jennings*, 2025 WL 1184408, at *5 (4th Cir. Apr. 22, 2025).  Here, because the United States did not materially contribute to the delay, dismissal with prejudice would not deter future violations of the Speedy Trial Act.[15]  Further, Defendant cannot credibly maintain that he would suffer prejudice as a result of a dismissal without prejudice.  Unfortunately, the United States correctly observes that, "[i]t is the defendant who has repeatedly delayed matters in this case by the tardiness of his filings" and his "delay in filing even the instant Motion [] has [resulted in] him serving

---

[14] Undeniably, Mr. Coleman has experienced a regrettable length of pretrial detention. But given the vagaries of this case, including state pretrial detention and jumbled pretrial briefing, the Court cannot find that dismissal with prejudice is appropriate.

[15] The Court finds Defendant's citation to *United States v. Russo*, 741 F.2d 1264 (11th Cir. 1984), inapposite.  First, in that Eleventh Circuit non-binding decision, the court found that dismissal without prejudice was inappropriate based on the specific facts of that case, which involved "a negligent failure [of the Government] to comply with the [Speedy Trial] Act." *Id.* at 1267.  Second, while the *Russo* court insightfully observed that the "Congress did not intend to favor either [dismissal with or without prejudice]", the factual record in that case does not mirror what is before the Court. *Id.*

Similarly, the United States' reliance on *United States v. Riley*, 991 F.2d 120 (4th Cir. 1993), is misplaced.  There, the Fourth Circuit found "Section 3161(h) provides that the period between the date that a pretrial motion is filed and the date on which a hearing on the motion is concluded is to be excluded from the 70 days by which commencement of trial is mandated." *Id.* at 123.  However, that case relied in part on the district court having deferred a hearing on the motion to suppress until trial.  That presents a material difference to this record.

approximately four additional months of incarceration without the Court having to decide whether to dismiss this case on [Speedy Trial Act] grounds."  (ECF No. 78, at 7.)

Thus, the Court will dismiss Mr. Coleman's Indictment without prejudice.  (ECF No. 1.)

### IV.  Conclusion

For the foregoing reasons, the Court will GRANT Mr. Coleman's Second Motion to Dismiss Under the Speedy Trial Act.  (ECF No. 76.)  The Court will DISMISS WITHOUT PREJUDICE the Indictment.  (ECF No. 1.)

An appropriate Order shall issue.

Date:  6/20/25                                                      /s/
Richmond, Virginia                            M. Hannah Lauck
                                              United States District Judge

14